# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES HAMMONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 14-514 |
| ) | |
| KARA N. TEMPLETON, DIRECTOR OF ) | |
| BUREAU OF DRIVER LICENSING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**CONTI, Chief District Judge.**

## I. Introduction

Pending before the court is the motion to dismiss Plaintiff's amended complaint (ECF No. 10) filed by defendant Kara N. Templeton, Director of Bureau of Driver Licensing ("Defendant"). Plaintiff James Hammonds ("Plaintiff") filed a brief in opposition. (ECF No. 12). The matter is fully briefed and ripe for disposition.

## II. Factual and Procedural Background

Plaintiff, proceeding *pro se*, filed his original complaint against Janet L. Dolan, the Director of Bureau of Driver Licensing, on April 14, 2014. (ECF No. 2). The court granted Plaintiff's motion to amend his complaint to substitute Kara N. Templeton as the defendant. (ECF Nos. 5-6). Plaintiff filed an amended complaint on June 20, 2014. (ECF No. 7). In his amended complaint, Plaintiff alleges that on August 22, 2002, he pleaded guilty to one count of DUI and was ordered by the sentencing court to attend an alcohol highway safety school. (ECF No. 7 ¶ 4). He states that on August 25, 2002, the Clerk of Courts of Allegheny County forwarded a Certification of Conviction form to the Pennsylvania Department of Transportation ("PennDOT"), and "erroneously falsified" that Act 122 treatment was required when the Clerk checked that box on the form. (*Id.* ¶ 5). Plaintiff states that on May 22, 2014, he received a

1

letter from Defendant informing him that in order to restore his driving privileges, he must comply with the court ordered treatment. (*Id.* ¶ 6). Plaintiff alleges that Defendant had no authority to require him to undergo Act 122 treatment or to have an ignition interlock device installed since neither condition was ordered by the sentencing court. (*Id.* at 8). Plaintiff contends that these requirements deprived him of his procedural due process rights. (*Id.*).

Plaintiff attached the "Report of the Clerk of Courts Showing the Conviction or Acquittal of Any Violation of the Vehicle Code" to his original complaint, which reflects that the "yes" box is checked for "Act 122 Treatment Required", and the "no" box is checked for "Act 63 Ignition Interlock Required." (ECF No. 2-2 at 2).[1] Plaintiff attached a letter from the Bureau of Driver Licensing at PennDOT dated April 11, 2014, which stated that in order to restore his license, he needed to complete the treatment program for alcohol or drug addiction (Act 122), and apply for an ignition interlock license. (ECF No. 2-2 at 3-4). On May 22, 2014, Plaintiff received a letter from Defendant stating that he did not need to comply with the ignition interlock, but was required to comply with the treatment program. (ECF No. 5-1).

Based upon the above allegations, Plaintiff contends that Defendant violated his right to procedural due process under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983. (ECF No. 12 ¶ 10). Defendant moved for dismissal of Plaintiff's claim against her.

### III. Standards of Review

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a matter if it lacks subject-matter jurisdiction over the complaint. FED. R. CIV. P. 12(b)(1). Challenges to subject-matter jurisdiction under Rule 12(b)(1) may be facial or factual in form. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge attacks the complaint on its face and requires the court to consider only the complaint's allegations and to do so in the light most favorable to the plaintiff. *Mortensen*, 549 F.2d at 891. A factual challenge contests

---

[1] In ruling on a motion to dismiss, a court may consider the complaint, attached exhibits, matters of public record, and undisputedly authentic documents not attached to the complaint if the complainant's claims are based on those documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

the existence of subject-matter jurisdiction, apart from any pleadings. *Id*. In reviewing a factual challenge, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. *Id.* In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Id.; Gould*, 220 F.3d at 178.

**IV. Discussion**

Plaintiff's federal claim is premised on 42 U.S.C. § 1983, which does not create substantive rights, but provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws.[2] *Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To prevail under § 1983, a plaintiff must prove that he suffered the deprivation of a right secured by the United States Constitution or federal law, by a person acting under color of state law. *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013) (citing *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (*en banc*)); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). Defendant argues that Plaintiff's claim under § 1983 is barred by the Eleventh Amendment to the United States Constitution.[3] (ECF No. 11 at 4-6).

---

[2] Section 1983 provides private citizens a right of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....

42 U.S.C. § 1983.

[3] The Eleventh Amendment of the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI.

3

Although not specifically stated as such, Plaintiff asserted his § 1983 claim against Defendant in her official capacity.[4] When a state official is sued in an official capacity, the real party in interest is the government entity that employs them. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. *Laskaris v. Thornburgh*, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274 (1977) (state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it … a State cannot be sued directly in its own name regardless of the relief sought." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). As an agency of the Commonwealth, PennDOT is entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. *Warner v. Comm. of Pa.*, 569 F. App'x 70, 72 (3d Cir. 2014) (affirming dismissal of civil rights claim asserted against PennDOT on Eleventh Amendment immunity grounds).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, *Wilson v. Vaughn*, Civ. A. 93-CV-6020, 1996 WL 426538, at *1 n.2 (E.D.Pa. July 30, 1996), and Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. *See* 42 PA. CONS. STAT. § 8521(b); *Chittister v. Dep't of Cmty. and Econ. Dev.*, 226 F.3d 223, 226 (3d Cir. 2000) ("The legislature has directed that the Commonwealth retains its sovereign immunity. *See* 1 PA. CONS. STAT. § 2310 ("[I]t is hereby declared to be the intent of the General Assembly that the Commonwealth ... shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.")"). Eleventh Amendment immunity directly applies here and prevents Plaintiff from maintaining a civil action for damages against the PennDOT. Accordingly, Plaintiff's amended complaint will be dismissed with prejudice for lack of subject-matter jurisdiction. *See*

---

[4] All the allegations in the amended complaint regarding Defendant relate to actions taken within her official capacity, and the amended complaint is devoid of any allegations that Plaintiff dealt with Defendant in anyway other than that capacity. In addition, it is clear that Plaintiff's claim is asserted against Defendant in her official capacity only, in light of his motion to amend the complaint to substitute Defendant as the current Director of the Bureau of Driver Licensing.

*Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.").

Neither the Commonwealth nor PennDOT is a "person" for purposes of § 1983, and therefore neither is amendable to suit under the civil rights statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

In light of the court's conclusion with respect to the Eleventh Amendment, the court need not address Defendant's remaining arguments advanced in favor of dismissal.

On a final note, Plaintiff claims in his Response in Opposition that he is also asserting a state tort claim against Defendant under the Pennsylvania Political Subdivision Tort Claims Act, 42 PA. CONS. STAT. § 8550. (ECF No. 12 ¶¶ 4-5). These allegations, however, are not included in the instant amended complaint. In any event, however, in light of the dismissal of his federal law claim, and there being no diversity of citizenship between Plaintiff and Defendant, and finding no consideration requiring the retention of Plaintiff's putative state law claims, this court, in its discretion and pursuant to 28 U.S.C. § 1367, declines to exercise supplemental jurisdiction over Plaintiff's putative state law claims, if indeed he is asserting any. Those claims, to the extent they are being asserted, will be dismissed without prejudice.

## V. CONCLUSION

The Third Circuit Court of Appeals has held that district courts should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. *Kim v. I.R.S.*, 522 F. App'x 157, 159 (3d Cir. 2013) (citing *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004)). In this case, for the reasons discussed above, any further leave to amend the *pro se* amended complaint would be futile with respect to Plaintiff's § 1983 claim. *See e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (dismissal of *pro se* civil rights claim without amendment where it would be futile). Accordingly, Defendant's Motion to Dismiss will be granted and Plaintiff's § 1983 claim will dismissed with prejudice. To the extent Plaintiff's amended complaint can be construed as raising any state law claims, these claims will be dismissed without prejudice.

An appropriate order will be entered.

By the Court,

s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Dated:  January 7, 2015

cc: James Hammonds
    501 Washington Avenue
    Clairton, PA  15025
    (*via* First-Class U.S. Mail)